# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLANDROS DANIELLE JUNE JR., <br><br> Plaintiff, <br><br> v. <br><br> ROGELIO NUNEZ et al., <br><br> Defendants. | Case No. 2:24-cv-02658-DOC (SK) <br><br> **ORDER DISMISSING ACTION FOR LACK OF PROSECUTION** |

    Plaintiff Glandros Danielle June Jr. is a California state prisoner proceeding pro se and in forma pauperis with a putative civil rights complaint under 42 U.S.C. § 1983.  (ECF 1).  His complaint stems from an April 2022 shooting incident that led to his state criminal convictions in Ventura County.  (*Id.*).  Plaintiff is suing several officers for fabricating evidence used to convict him and for providing inadequate medical care at the scene of the shooting incident.  (*Id.* at 10-12).  Plaintiff is also suing a private investigator retained by defense counsel for his allegedly poor performance investigating plaintiff's defense for trial.  (*Id.* at 14).

    The claims in Plaintiff's complaint have now been screened twice in accordance with 28 U.S.C. § 1915A(a).  (ECF 9, 11).  Originally, the complaint also named Ventura County, the prosecutor, the public defender, and the state trial judge involved in plaintiff's criminal case.  (ECF 1 at 6-9).  In its first screening order, the court explained why Plaintiff could not sue these parties as alleged and identified other pleading deficiencies in the complaint.  (ECF 9).  Plaintiff then voluntarily dismissed those parties from this action.  (ECF 10).  Because several pleading deficiencies remained, in its

second screening order, the court directed Plaintiff to show cause by September 9, 2024 why the complaint should not be dismissed under 28 U.S.C. § 1915A. (ECF 11). That order granted Plaintiff leave to file an amended complaint fixing any curable pleading deficiencies. (*Id.* at 4). It also warned Plaintiff that failure to file an amended complaint or otherwise respond to the order may lead to involuntary dismissal of this action for lack of prosecution. (*Id.*).

Yet, as of this order, Plaintiff has filed no response to the order to show cause, no amended complaint, and no request for an extension of time. The court therefore orders this action dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

In ordering this dismissal, the court has considered: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam). All these factors support dismissal here.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, unprosecuted actions consume time that the court could otherwise devote to its heavy docket of cases. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Third, a rebuttable presumption of prejudice to defendants arises when a plaintiff delays prosecution of his complaint. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Fourth, while public policy favors disposition on the merits, it is Plaintiff's responsibility to move the case toward such a disposition. *See Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006). Fifth and finally, no sanctions short of dismissal

are feasible here. The court warned Plaintiff of the potential adverse consequences, including involuntary dismissal, for failure to prosecute. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992). It also twice gave Plaintiff the chance to amend his complaint (if possible) considering his status a pro se prisoner. And given that he is proceeding in forma pauperis, it would be impractical and unjust to impose monetary sanctions for lack of prosecution. *See Stuart v. Hughes*, 2014 WL 1364927, at *3 (C.D. Cal. Apr. 4, 2014). Meanwhile, the court received no notice of undeliverable mail or address change to suggest Plaintiff may not have received the court's orders, including the show-cause order requiring his response by September 9, 2024.

For all these reasons, the complaint is ordered DISMISSED for lack of prosecution. Judgment dismissing this action without prejudice will be entered accordingly.

IT IS SO ORDERED.

DATED: September 30, 2024

DAVID O. CARTER
United States District Judge

PRESENTED BY:

STEVE KIM
United States Magistrate Judge